UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNULFO RODRIGUEZ MEZA (A No. 240-953-394),

Petitioner,

v.

DIRECTOR OF SAN FRANCISCO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-01783 DC CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner was detained by the Immigration and Customs Enforcement Agency (ICE) at the Mesa Verde Detention Facility and filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] On March 11, 2026, District Judge Dena M. Coggins granted a temporary restraining order and preliminary injunction that required Petitioner's release and ordered Respondents to provide Petitioner with a bond hearing under 8 C.F.R. § 1236.1(c)(8) if they wished to re-detain him. Respondents subsequently filed a response that did not object to permanent injunctive relief provided that the bond hearing be held pursuant to 8 C.F.R. § 1003.19

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

or § 1236.1(d), and that any such hearing be provided post-detention.

Petitioner is a native and citizen of Mexico who entered the United States at an unknown location in 2000. ECF No. 1 at 1, 3. Petitioner was detained by ICE on October 4, 2025, and was ordered released pursuant to the temporary restraining order on March 11, 2026. ECF No. 11 at 4. Online Executive Office of Immigration Review (EOIR) records reveal that Petitioner has an individual hearing scheduled in his removal proceeding for May 11, 2028.

Respondents initially argued that Petitioner was not eligible for release pending his individual hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 7 at 1. Petitioner was ordered released under the temporary restraining order despite Respondents' argument. Since the issuance of Rodriguez Vazquez v. Bostock, 183 F.4th 160 (2026), Respondents now argue that Petitioner may be detained pursuant to 8 U.S.C. § 1226(a), which would allow him to request a bond hearing before an immigration judge. ECF No. 11 at 2.

Under the terms of the preliminary injunction, Petitioner would bear the burden to prove at any bond hearing held to re-detain him that he is not a flight risk or a danger to the community. ECF No. 9. The analysis required by the preliminary injunction is consistent with 8 C.F.R. § 1003.19, which would require Petitioner to demonstrate at a bond hearing by clear and convincing evidence that he is not a flight risk or a danger to the community such that his detention is not warranted. 8 C.F.R. § 1003.19(h)(3).

The preliminary injunction requires such a bond hearing must be provided prior to re-detention. ECF No. 9 (stating Respondents shall provide Petitioner with a bond hearing should they "attempt to re-detain" him). Respondents rely on Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), to argue that such a hearing should occur after detention. However, Rodriguez Diaz pertained to a grant of a petition for writ of habeas corpus that required the petitioner to receive a second bond hearing while in custody, and also required the government to bear the burden to demonstrate the petitioner was a flight risk or a danger to the community. Id. at 1195. It did not address whether a pre-detention hearing should be required using the traditional burden of proof under 8 C.F.R. § 1003.19 where the petitioner was previously ordered released from detention.

This Court now recommends the petition for writ of habeas corpus be granted. Under Mathews v. Eldridge, the Court applies a three-factor test to determine whether administrative procedures provide "constitutionally sufficient" due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976). Here, Petitioner has a significant interest in remaining out of ICE custody pending his individual hearing, especially given the length of time until his current hearing date of May 11, 2028. By contrast, Respondents' interest in detaining Petitioner prior to a bond hearing appears to be low. Respondents have not put forth in these proceedings any arguments that Petitioner poses either a flight risk or a danger to the community such that detention before a bond hearing is warranted. The administrative burdens placed on Respondents are also low, as Respondents would only need to request a hearing before an immigration judge prior to detention and would not bear the burden of proof at that hearing.

Thus, this Court recommends a permanent injunction be issued as outlined below. And to the extent Respondents' response to the initial petition for writ of habeas corpus was structured as a motion to dismiss, that motion should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition for writ of habeas corpus (ECF No. 7) be DENIED;
2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
3. The Court order permanent injunctive relief with the following terms and conditions:
   A. Respondents return all of Petitioner's documents and possessions.
   B. Respondents not impose any additional restrictions on Petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing.
   C. If the government seeks to re-detain Petitioner, it must provide no less than 7 days

of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge, at which Petitioner would bear the burden to prove by clear and convincing evidence that Petitioner is not a flight risk or a danger to the community such that his re-detention is not warranted. 8 C.F.R. § 1003.19(h)(3).

D. These recommendations do not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

4. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within FOURTEEN DAYS after being served with these Findings and Recommendations, either party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If any objections are filed, the opposing party may file written responses with the Court and serve a copy on all parties within FOURTEEN DAYS of the filing. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

23
Rodr.1783.F&R